FILED
CLERK, U.S. DISTRICT COURT

APR 21 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHELLE BORROMEO, ) | No. CV 07-4298-PLA |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| v. ) | |
| MICHAEL J. ASTRUE, ) COMMISSIONER OF SOCIAL ) SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

## I.

## PROCEEDINGS

Plaintiff filed this action on July 3, 2007, seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. The parties filed Consents to proceed before the undersigned Magistrate Judge on July 20, 2007, and July 26, 2007. Pursuant to the Court's Order, the parties filed a Joint Stipulation on February 29, 2008, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on September 22, 1965. [Administrative Record ("AR") at 25, 28, 46.] She has obtained a G.E.D. and has completed training as a medical assistant. [AR at 75, 275.] Plaintiff has past relevant work experience as a mail order clerk. [AR at 70, 275.]

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments on January 15, 2003[1] and July 16, 2004 [AR at 14, 46-60], respectively, alleging that she has been unable to work since January 1, 2001[2], due to arthritis; asthma; migraines; difficulty standing and walking; inability to bend fingers; severe pain in her wrist, ankles, toes, knees and elbows; manic depression; suicidal ideation; and bipolar disorder. [AR at 30, 47, 76.] After her applications were denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[3] [AR at 30-34, 37-42, 43.] The hearing was held on April 17, 2006, at which time plaintiff appeared with counsel and testified on her own behalf. [AR at 21, 271-96.] Plaintiff's husband and a vocational expert also testified. [AR at 284-90, 293-94.] On July 11, 2006, the ALJ determined that plaintiff was not disabled. [AR at 11-19.] On April 27, 2007, the Appeals Council denied plaintiff's request for review of the ALJ's decision. [AR at 5-8.] By denying plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. [AR at 5.] This action followed.

/
/
/

---

[1] While no DIB application was included in the record, the ALJ listed January 15, 2003, as the application date [AR at 14] and the parties do not contend otherwise in the Joint Stipulation. Joint Stipulation ("Joint Stip.") at 2.

[2] Plaintiff testified that she became unable to work because of her disabilities "somewhere around 2001." [AR at 47, 69, 276.] The ALJ utilized an alleged disability onset date of January 1, 2001. [AR at 14.]

[3] While the denial of the DIB claim is not included in the record, the parties are proceeding as to both applications. Joint Stip. at 2.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purpose of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

### A. THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must

determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment on the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828, n.5; Drouin, 966 F.2d at 1257.

B. THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

In this case, at step one, the ALJ found that plaintiff had not "performed substantial gainful activity from January 1, 2001, her alleged disability onset date, through the date of this decision." [AR at 14-15.] At step two, the ALJ concluded that plaintiff had the following "severe" impairments: "arthritic-like limitations in her lower back, right ankle and right knee"; lower back pain; limited range of motion; and asthma.[4] [AR at 15.] At step three, the ALJ determined that plaintiff's

---

[4] While the ALJ in the body of the decision lists all of the mentioned ailments and concludes that plaintiff's impairments are severe, he states in the Findings section that plaintiff only has the

1  impairments did not meet or equal any of the impairments in the Listing. [Id.] The ALJ further
2  found that plaintiff retained the residual functional capacity ("RFC")[5] to "work at the sedentary
3  exertional level."[6] [AR at 17.] Plaintiff was "precluded from climbing, crawling, balancing,
4  stooping, kneeling, crouching and reaching." [Id.] The ALJ further noted that plaintiff "has only
5  mild limitations in attention/concentration, understanding/memory and ability to follow directions."
6  [Id.] At step four, the ALJ concluded that plaintiff was capable of performing her past relevant
7  work as a mail order clerk. [Id.] Accordingly, the ALJ found plaintiff not disabled and did not
8  proceed to step five of the process.

## V.
## THE ALJ'S DECISION

Plaintiff contends that the ALJ failed to properly consider a State agency physician's opinion. Joint Stip. at 4. Specifically, plaintiff asserts that the ALJ "failed to address" State agency physician Dr. Harvey Biala's opinion that plaintiff suffered from a mood disorder, not otherwise specified ("NOS"), that caused her "moderate difficulties in maintaining concentration, persistence, or pace." Joint Stip. at 4-5. For the reasons set forth below, the Court agrees with plaintiff and remands the matter for further proceedings.

In evaluating medical opinions, case law and regulations distinguish between three types of physicians' opinions: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester, 81 F.3d at 830; see 20 C.F.R. §§

---

severe impairment of arthritis in her lower back, right knee, and right ankle. [AR at 15, 18.]

[5] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a); Rodriguez v. Bowen, 876 F.2d 759, 761 n.2 (9th Cir. 1989).

404.1502, 404.1527. As a general rule, the opinions of treating physicians are given greater weight than the opinions of other physicians "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe" the claimant. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)); see 20 C.F.R. §§ 404.1527(d), 416.927(d). The treating physician's opinion will be given controlling weight if it is supported by "medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with the other substantial evidence in the record. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (quoting 20 C.F.R. § 404.1527(d)(2)). Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the question of disability. Rodriguez, 876 F.2d at 761-62. "The ALJ may disregard the treating physician's opinion, but only by setting forth 'specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.'" Rodriguez, 876 F.2d at 762 (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); see 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (stating that "good reasons" will "always" be given for the weight afforded to a treating physician's opinion); Social Security Ruling 96-2p.[7] The opinion of an examining physician is ordinarily given more weight than the opinion of a nonexamining physician. Lester, 81 F.3d at 830 (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). While the opinions of nonexamining physicians are normally afforded the least amount of weight, they are given some weight, especially when their findings are supported by and are consistent with evidence in the record. Andrews, 53 F.3d at 1041.

Unless the ALJ gives the treating physician's opinion controlling weight, the ALJ must explain in the decision the weight given to the opinions of State agency medical and psychological consultants. 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); SSR 96-6p; see Brannon v. Barnhardt, 2003 WL 1936109, at *3 (N.D. Cal. Apr. 17, 2003). State agency medical and psychological consultants are subject to the rules governing nonexamining physicians. 20 C.F.R.

---

[7] Social Security Rulings ("SSR") do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

§§ 404.1527(f), 416.927(f). The ALJ is not "bound" by a State agency medical or psychological consultant's opinion, but these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). As such, the ALJ must "consider" a State agency medical or psychological consultant's opinion. Id. Finally, while the opinions of a nonexamining physician are given less weight than the opinions of a treating or examining physician (see Lester, 81 F.3d at 830; Andrews, 53 F.3d at 1040-41), their opinions constitute substantial evidence when supported by evidence in the record. Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996) (citing Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 752); see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); cf. Pitzer, 908 F.2d at 506 n.4 (holding that the nonexamining physician's opinion did not constitute substantial evidence because there was no evidence in the record to support it).

Failure to explain the weight given to a State agency medical or psychological consultant's opinion is not harmless error. See Brannon, 2003 WL 1936109, at *3.[8] The theory of harmless error applies in social security cases. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). An error is harmless if the mistake is "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." Stout, 454 F.3d at 1055; see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). Errors are also harmless if committed during a step in the sequential evaluation that the ALJ is not required to perform. Stout, 454 F.3d at 1055. However, an error is not harmless if the ALJ fails to properly discuss significant evidence and the court can "confidently conclude" that a reasonable ALJ, "when fully crediting the evidence, could have reached a different disability determination." Attia v. Astrue, 2007 WL 2802006, at *29 (E.D. Cal. Sept. 24, 2007) (citing Stout).

Requiring the ALJ to explain the weight given to the opinions of State agency consultants and to provide "detailed findings" explaining why he rejected significant probative evidence allows the court to perform proper judicial review and ensure that the ALJ's decision is supported by

---

[8] In Brannon, the court held that the ALJ's failure to address a State agency consulting psychiatrist's opinion that the plaintiff was "moderately limited" in his ability to both "understand and remember detailed instructions" and "carry out detailed instructions" constituted error and remanded. Brannon, 2003 WL 1936109, at *3.

substantial evidence, as required by 42 U.S.C. § 405(g). See Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citing Cotter v. Harris, 642 F.2d 700, 706 (3rd Cir. 1981)).[9] Further, a reviewing court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)). Therefore, if the ALJ fails to provide adequate reasons for rejecting significant evidence, even if the Commissioner later suggests reasons why the evidence was rejected, it is insufficient. See Pinto, 249 F.3d at 847-48.

Plaintiff argues that the ALJ failed to properly consider a State agency physician's opinion. Specifically, plaintiff asserts that the ALJ erred when he failed to address the opinion of State agency consulting psychiatrist, Dr. Harvey Biala. Joint Stip. at 4-7. On October 7, 2004, Dr. Biala completed a Mental Residual Functional Capacity Assessment questionnaire regarding plaintiff's ability to work. [AR at 249-51.] Dr. Biala noted that plaintiff was "moderately limited" in her ability to understand and remember detailed instructions, as well as in her ability to carry out detailed instructions. [AR at 249.] At the same time, Dr. Biala also completed a Psychiatric Review Technique form. [AR at 255-68.] On this form, Dr. Biala noted that plaintiff suffered from an affective disorder, specifically a mood disorder, NOS. [AR at 255, 258.] He noted, in pertinent part, that the disorder caused plaintiff difficulty in thinking or concentrating. [AR at 258.] Dr. Biala further noted that plaintiff had "moderate" difficulties in maintaining concentration, persistence, or pace. [AR at 265.] In the decision, the ALJ made no mention of Dr. Biala's opinion. [AR at 14-19.] Rather, the ALJ only made specific mention of the treating psychiatrist, examining internist, and examining psychiatrist's opinions. [AR at 16-17.] Plaintiff contends that the ALJ committed legal error when he failed to address Dr. Biala's opinion and that, due to that error, the ALJ's decision is not supported by substantial evidence. Joint Stip. at 4.

Generally, an ALJ would give a treating psychiatrist's opinion great weight (Smolen, 80 F.3d at 1285), if not controlling weight. See Orn, 495 F.3d at 631. Here, the ALJ did not do so. While

---

[9] Cotter held that the ALJ's decision "should be accompanied by a clear and satisfactory explication of the basis on which it rests" so that an appellate court can perform a proper judicial review by ensuring that the decision is "supported by substantial evidence," as required by 42 U.S.C. § 405(g). See Cotter, 642 F.2d at 704-06.

the ALJ stated that the Hillview Mental Health Center physician who treated plaintiff was her "treating psychiatrist," the ALJ instead gave controlling weight to the examining psychiatrist's opinions.[10] [AR at 16-17.] In concluding that plaintiff was not disabled, the ALJ stated that plaintiff had "only mild limitations in attention/concentration, understanding/memory and ability to follow directions." [AR at 17.] The examining psychiatrist, Dr. Ernest Bagner, III, was the only physician to so conclude.[11] [AR at 240.] Conversely, rather than give the treating psychiatrist's opinion controlling weight, the ALJ merely used the parts of the treating psychiatrist's opinion that supported his conclusion of mild limitations. [AR at 16.] For example, while the ALJ noted that the treating psychiatrist was "very satisfied" with plaintiff's improvement on medication [AR at 16], he made no mention that the treating psychiatrist assigned plaintiff a Global Assessment of Functioning ("GAF")[12] score of 50.[13] [AR at 217, 222.] See Escardille v. Barnhart, 2003 WL 21499999, at *6 (E.D. Pa. June 24, 2003) (holding that treating physician's assignment of a GAF score of 50 was significant evidence that the ALJ had to address). An ALJ cannot summarize only the parts of the treating psychiatrist's opinion that support his conclusion. See Craig v. Astrue, 2008 WL 682255, at *2 (9th Cir. Mar. 11, 2008) (citing Robinson v. Barnhart, 366 F.3d 1076, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability")).

/

---

[10] Plaintiff raises no issues with the ALJ's summarization of her physical records, so the examining internist's opinions will not be discussed. See Joint Stip. at 3.

[11] Dr. Bagner concluded that plaintiff was at most mildly limited in her ability to interact with supervisors, peers, and the public; complete simple tasks; maintain concentration and attention; and complete a normal work week without interruption. [AR at 240.]

[12] A GAF score is the clinician's judgment of the individual's overall level of functioning. It is rated with respect only to psychological, social, and occupational functioning, without regard to impairments in functioning due to physical or environmental limitations. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") at 32 (4th Ed. 2000).

[13] A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM-IV at 34.

Since the ALJ did not give the treating psychiatrist controlling weight, he was required to explain the weight he gave State agency consulting psychiatrist Dr. Biala. See 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); Brannon, 2003 WL 1936109, at *3. Beyond meeting the requirement of 20 C.F.R. § 404.1527(f)(2)(ii), the ALJ also needed to explain the weight he gave Dr. Biala's opinion because the ALJ must explain his reasons for rejecting significant probative evidence. See Vincent, 739 F.2d at 1394-95. In this case, Dr. Biala's opinion was supported by the treating psychiatrist, who assigned plaintiff a GAF score of 50. Therefore, while the ALJ was not required to rely upon Dr. Biala's finding that plaintiff was "moderately limited" in her ability to understand/remember/carry out detailed instructions and in her ability to maintain concentration, persistence, or pace [AR at 249, 265], he must explain why he did not rely upon Dr. Biala's opinion. See 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i).

The ALJ's failure to explain the weight he gave Dr. Biala's opinion does not constitute harmless error. While the ALJ found that plaintiff suffered from severe physical impairments, he did not find that she had severe mental impairments. [AR at 17-18.] However, if the ALJ had adopted Dr. Biala's opinion that plaintiff was "moderately limited" in her ability to understand/remember/carry out detailed instructions and maintain concentration, persistence, or pace, he may have reached a different disability determination. See Swenson v. Sullivan, 876 F.2d 683, 686-89 (9th Cir. 1989) (holding in pertinent part that a finding of "moderately limited" mental abilities supported a finding of severe mental impairment). Furthermore, while the Commissioner offers reasons why the ALJ might have discounted Dr. Biala's opinion (Joint Stip. at 9-10), this Court cannot affirm the ALJ's decision based on grounds that the ALJ did not state in making his decision. See Pinto, 249 F.3d at 847; Attia, 2007 WL 2802006, at *29 (holding that "[e]ven application of the harmless error rule is circumscribed by this basic requirement"). Therefore, this Court cannot rely upon the Commissioner's reasoning.

Accordingly, the ALJ erred by not explaining the weight he gave to the opinion of State agency consulting psychiatrist Dr. Biala. Remand is warranted.

/

## VI.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to properly address the State agency consulting psychiatrist's opinion. The ALJ is instructed to take whatever further action is deemed approprite and consistent with this decision.

Accordingly, IT IS HEREBY ORDERED that: (1) plaintiff's request for remand is granted; (2) the decision of the Commissioner is reversed; and (3) this action is remanded to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: April 18, 2008

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE